CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 31 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **MARK TODD SHOWALTER,**     ) | Civil Action No. 7:13cv00039 |
|     **Plaintiff,**     ) | |
| ) | |
| v.     ) | **MEMORANDUM OPINION** |
| ) | |
| **DIRECTOR, VIRGINIA**     ) | |
| **DEPARTMENT OF**     ) | |
| **CORRECTIONS** *et al.*,     ) | By: Samuel G. Wilson |
|     **Defendants.**     ) | United States District Judge |

Plaintiff Mark Todd Showalter, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against eighteen defendants, each of whom is associated with the Virginia Department of Corrections. Showalter's sixty-nine page complaint alleges, among other injuries, a conspiracy to poison his food that Showalter has recently discovered was merely a scheme to *convince* him that his food was poisoned, thereby killing him by starvation.

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The familiar rules of pleading are greatly relaxed for *pro se* plaintiffs, however, and litigants with meritorious claims should not be stymied by technical requirements. See Beaudett v. City of Hampton, 775 F.2d 1274, 1277–78 (4th Cir. 1985). Still, the relaxation of the pleading rules is not without limits. A court must, at a minimum, be able to discern from the complaint the parties being sued and the alleged conduct on which each claim rests. Though relaxed, the standard still demands general coherence, and it does not require courts "to conjure up questions never squarely presented to them." Id. at 1278. Here, Showalter's lengthy and disjointed complaint makes it difficult to determine the precise constitutional or statutory claims he intends to raise, the specific defendants against whom he intends to raise them, and the alleged conduct on which each claim rests.

Were that not enough, this court has dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), at least three of Showalter's previous actions.[1] Section 1915(g) of Title 28 provides that a prisoner may not bring a civil action without prepayment of the required $350.00 filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Showalter has neither paid the filing fee, nor shown that he is "under imminent danger of serious physical injury." § 1915(g). Accordingly, the court dismisses his complaint without prejudice. If Showalter wishes to bring an action in this court, he must file a short and plain statement of the claim showing that (1) he is entitled to relief and (2) that he is under imminent danger of serious physical injury, with only enough factual support to render his claim plausible.[2]

**ENTER:** January 31, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[1] See Showalter v. Johnson, No. 7:08cv276 (W.D. Va. Oct. 29, 2010); Showalter v. Mussleman, No. 7:99cv00293 (W.D. Va. June 28, 1999); Showalter v. Commission, No. 7:96cv00127 (W.D. Va. February 8, 1996). Showalter has filed at least fifteen civil actions in this court, and the court has twice warned him about his pattern of abusive and frivolous litigation. See Showalter v. Jabe, 7:11cv00333, at n.2 (W.D. Va. July 13, 2011) (discussing the 194-page complaint Showalter filed in that case).

[2] Showalter has included with his complaint a motion, pursuant to 28 U.S.C. § 455, for the undersigned's recusal. A district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must also disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." § 455(b)(1). Here, Showalter's allegations of partiality, prejudice, and bias all stem from this court's prior dispositions of his claims. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 544 (1994). Accordingly, the court finds no grounds for recusal and denies the motion.